**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4098

MARK ALAN BOLLING,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-96-78)

Submitted: January 27, 1998

Decided: February 18, 1998

Before WIDENER, HALL, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, George H. Lancaster, Jr.,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Ray M. Shep-
ard, Assistant United States Attorney, Huntington, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Alan Bolling pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. § 922(g) (West Supp. 1997), for which he was sentenced to 120 months imprisonment. Bolling appeals, claiming that the district court erred in imposing a two-level enhancement for committing an offense which involved a destructive device, U.S. Sentencing Guidelines Manual § 2K2.1(b)(3) (1995). We affirm.

Federal agents executed a search warrant at Bolling's West Virginia residence in May 1996 and found, in addition to numerous firearms, three steel pipes, each measuring one and one-half inches in diameter by four inches in length, threaded at both ends with steel caps screwed on, and the beginnings of a hole drilled in one of the three. Agents also recovered three long coils of green cannon fuse and a plastic jar filled with pyrodex, a low explosive powder.

At Bolling's sentencing hearing, Agent Roy Myers, an expert in explosives from the Bureau of Alcohol, Tobacco and Firearms, testified that the capped pipes, cannon fuse, and pyrodex were necessary components in the manufacture of pipe bombs. Myers stated that the dimensions of the pipes and the capped ends, along with the fact that one of the pipes had been partially drilled to allow a fuse to be introduced, led him to conclude that the materials were intended to be used as pipe bombs. Myers stated that he could imagine no legitimate use for four-inch capped pipes. In addition, the district court considered the grand jury testimony of a witness who testified that Bolling had told her that the pipes and other materials were for pipe bombs and that "you never know when you need one." Based on this evidence, the district court imposed a two-level enhancement to Bolling's sentence pursuant to USSG § 2K2.1(b)(3), finding that the components found in Bolling's residence met the definition of a"destructive device." Bolling appeals.

2

Application Note 4 to § 2K2.1 defines a "destructive device" to include "any explosive, [or] incendiary . .. (i) bomb . . . or (vi) any type of weapon which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant . . . or any combination of parts either designed or intended for use in converting any device into any destructive device listed above." The Application Note then refers to 26 U.S.C. § 5845(f) (1994) for a more detailed definition of "destructive device." Bolling maintains that the combination of parts at issue were neither "designed" nor subjectively intended by him for use in a destructive device.

We apply the due deference standard in reviewing the district court's application of the sentencing guidelines to the facts. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). In United States v. Morningstar, 456 F.2d 278 (4th Cir. 1972), this court held that four sticks of black powder pellet explosive fastened together with electrical tape, together with unattached blasting caps, could constitute a "destructive device" within the meaning of § 5845(f). Based on the evidence before the district court, we cannot find that it erred in concluding that the combination of parts found in Bolling's possession were both designed and intended for use as a "destructive device" within the meaning of USSG § 2K2.1. Accordingly, we affirm Bolling's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3